STANDARD ENGINEERING CO. et al. v. ORIENTAL BULKHEAD & IMPROVEMENT CO.

(Circuit Court of Appeals, Fourth Circuit.    September 14, 1915.)

No. 1347.

1. NAVIGABLE WATERS ☞43—DREDGING—IMPROVEMENTS—ACTIONS.

In an action for the destruction of a bulkhead constructed in a navigable stream, which was being dredged by defendants, evidence *held* to warrant a finding of their negligence.

[Ed. Note.—For other cases, see Navigable Waters, Cent. Dig. §§ 104, 256-265; Dec. Dig. ☞43.]

2. NAVIGABLE WATERS ☞43—INJURY TO BULKHEAD—PUNITIVE DAMAGES—RIGHT TO AWARD.

Where defendants, after being warned that they were undermining plaintiff's bulkhead, continued their course, they were guilty of wantonness, which authorized recovery of punitive damages.

[Ed. Note.—For other cases, see Navigable Waters, Cent. Dig. §§ 104, 256-265; Dec. Dig. ☞43.]

3. NAVIGABLE WATERS ☞43—ACTIONS—RIGHTS.

The United States, as preparatory to dredging a navigable stream, authorized plaintiff, the owner of adjacent land, to construct a bulkhead therein, behind which material was to be dumped. The dredging operations resulted in the destruction of the bulkhead. The bulkhead was on land owned by the government. *Held*, that plaintiff's right to the bulkhead could only be drawn in question by the United States, and, as it was made under contract with the government, plaintiff could recover against the contractors for its destruction.

[Ed. Note.—For other cases, see Navigable Waters, Cent. Dig. §§ 104, 256-265; Dec. Dig. ☞43.]

4. ACTION ☞2—CAUSE OF ACTION—DESTRUCTION OF PROPERTY.

Where property is destroyed, no privity of contract is necessary to support an action by the one injured.

[Ed. Note.—For other cases, see Action, Cent. Dig. §§ 10-16; Dec. Dig. ☞2.]

In Error to the District Court of the United States for the Eastern District of North Carolina, at New Bern; H. G. Connor, Judge.

Action by the Oriental Bulkhead & Improvement Company against

the Standard Engineering Company and others. There was a judgment for plaintiff, and defendants bring error. Affirmed.

J. F. Duncan, of Beaufort, N. C., for plaintiffs in error.

Larry I. Moore, of New Bern, N. C. (Moore & Dunn and D. L. Ward, all of New Bern, N. C., on the briefs), for defendant in error.

Before PRITCHARD, KNAPP, and WOODS, Circuit Judges.

WOODS, Circuit Judge. In 1912 the United States commenced improvement of the navigation of Smith Creek, at the town of Oriental, in North Carolina, by dredging. As a condition it required that "local interests" should construct a bulkhead and give the government the right to deposit the material dredged behind the bulkhead. The Oriental Bulkhead & Improvement Company, being owner of the land adjacent to the water in which the bulkhead was desired, constructed it on the required condition; the consideration to the corporation being the improvement of its land and the additional value to be imparted to it by the wharfage facilities in contemplation. The corporation conveyed to the United States, "their contractors, agents, and employés, the necessary use of adjacent premises and the right to deposit material behind said bulkhead." Afterwards the contract with the government for dredging was made by W. K. Stokes and D. C. Mackley, copartners under the name of Standard Engineering Company, who undertook to deposit the dredged material within the bulkhead.

This action rests on the allegations that the defendants in their dredging operations negligently fastened their agitator cable moorings and anchorage to the piling of the bulkhead, and thus broke it down and destroyed it at several places; "that the defendants carelessly and negligently so placed their pipe upon the bulkhead and just over the edge of the same that the silt, water, and mud flowing under high pressure through the same, which was pumped from the channel, fell and poured upon the land of plaintiff immediately adjacent to the bulkhead which it had erected, and before same was filled, in such manner as to wash out, undermine, and destroy the aforesaid bulkhead;" and that defendants continued this method of work despite the frequent notices of the plaintiff to the defendants of the injury they were doing. The damage alleged was the loss of the bulkhead, with the consequent impairment of the value of plaintiff's adjacent property. The defendants denied the negligence charged, and alleged that the work was done under the direction of the engineer of the government; that, if there was negligence, the government alone was responsible; that there was no privity between the plaintiffs and defendants; and that the plaintiffs had no such interest in the bulkhead as would support their action. The plaintiffs recovered judgment for both actual and punitive damages. The assignments of error relate entirely to the refusal of the District Judge to give instructions to the jury as requested by the defendant.

[1, 2] The request to instruct the jury to find for the defendant on the ground that there was no material evidence of negligence or willfulness was properly refused. Testimony on behalf of the plain-

tiff was to the effect that the defendants, for their own convenience, fastened the agitator cable to the piles of the bulkhead, instead of driving piling for that purpose, and that in dredging they pumped the material so close to the piling as to undermine it; that they continued these methods after earnest warning that they were imperiling the bulkhead. This evidence tended to show, not only negligence, but wantonness, and warranted a finding of both compensatory and punitive damages. The evidence was by no means convincing that the government specifications or the direction of the government engineers required the cable to be fastened to the bulkhead piles, or the material dredged to be pumped to the base of the piles. There was ground in the evidence for the inference that these were details which were left for the defendants to decide for themselves.

[3] The District Judge charged that the title of the soil on which the bulkhead was constructed was in the state, and not in the plaintiffs; but this was not conclusive against the right of recovery. The United States had paramount right to the land for purposes of navigation, and, the plaintiff's construction of the bulkhead being under the authority of the United States for purposes of navigation, its claim to the benefits contemplated will be referred to the authority of the United States, and its rights can be drawn in question only by the United States. Garrison v. Greenleaf, 215 Fed. 576, 131 C. C. A. 644. That the plaintiffs had a special interest in the bulkhead, different from that of the general public, by reason of having constructed it at their own expense, under an arrangement with the government made for the express purpose of improving their adjacent property seems too clear for discussion. Brayton v. Fall River, 113 Mass. 281, 18 Am. Rep. 470; Haskell v. New Bedford, 108 Mass. 208; Franklin Wharf Company v. Portland, 67 Me. 46, 24 Am. Rep. 1.

[4] It was not necessary that there should be any privity of contract between plaintiff and defendants. No privity of contract is necessary to support an action by one whose property is injured by another. The question was whether the falling of the bulkhead was the result of the plaintiff's own fault in improper construction, or of the negligent act of the defendants. It is true that the government engineer condemned the bulkhead as improperly constructed; but he also reported that the defendants should not have attached their cable to the piles. It was for the jury to say whether the bulkhead would have stood, and answered the purpose, but for the damage to it from the defendants' improper use of it.

Affirmed.